IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| KATHY REAVES | ) | CAF: _____ |
|     Plaintiff | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| RICHLAND SD 2; | ) | |
| RICHLAND SD 2 BOE; | ) | |
| KIMBERLY "KIM" D. MOORE; | ) | |
| FRANKLIN FOSTER; | ) | |
| TIFFONEY ALFORD; | ) | |
| ALISON TABOR; | ) | |
| MANDY MCCARTER. | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**HABEAS CORPUS (CIVIL) PETITION**

Plaintiff for her complaint alleges as follows:

**28 USC § 1654 SELF REPRESENTATION**

Plaintiff pleads this action before this Court pursuant to the above referenced statue.

## 28 USC § 636(c) DENY CONSENT TO PROCEED BEFORE MAGISTRATE

Plaintiff denies consent to proceed before the Magistrate Judge in these proceedings.

## MOTION TO PAY FILING FEE IN INSTALLMENTS

Plaintiff files an IFP with these proceedings but also files this Motion to pay filing fee in installments in the event the IFP is denied by this Court.

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the violation of her rights secured under 42 USC § 1983, § 1988, and Due Process under the Fourteenth Amendments to the United States Constitution.

2. The claims arise from a October 31, 2024 incident in which the Richland 2 SD falsified information regarding the employment terms and agreement with the school district and also falsified salary compensation, constitutional wrongful practices involving a federal CARES ACT grant funded position of which Plaintiff was believed to have been hired for. The School district falsified information without informing the Plaintiff, in violation of her Due Process rights.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorney's fees, and such other further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC § 1331, 42 USC § 1983, and the Fourteenth Amendment to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interests and costs.

## VENUE

6. Venue is laid within the United States District Court for the District of South Carolina - Columbia Division in that the defendants are located within this district, and a substantial part of the events giving rise to the claim occurred within the boundaries of the District of South Carolina - Columbia Division. Venue is proper in this Court.

## PARTIES

7. Plaintiff pleads this claims against eight Defendants as follows:
    a. Richland SD 2 ("the school") - public school;
    b. Richland SD2 Board of Education "BOE")- governing body for Richland 2;
    c. Franklin Foster ("Foster") - Director of Human Resources;
    d. Tiffoney Alford ("Alford") - Director of Human Resources Operations;
    e. Kimberly "Kim' D. Moore ("Moore") - Superintendent for R2

    f. Alison Tabor ("Tabor") - Director of Payroll

    g. Mandy McCarter ("McCarter") - Payroll Specialist for R2.

## FACTUAL ALLEGATIONS

8. The school advertised positions under the job classification of Instructional Assistant (Aide), which, in accordance with the US Department of Education Title I federal grants, falls into the same category and there are no key differences between teacher's aides, assistants and paraprofessionals.

9. Reaves was hired under a federal CARES ACT grant for the school, meaning she is not directly employed with the school but employed under the federal CARES ACT grant to work in the capacity of an Interventionist, a similar role she held with the Scotland County Schools in North Carolina.

10. Reaves states this is a three year grant at which time in North Carolina she was paid on contract teacher salary in the amount of $37,000.00. While the position did not require teacher certification, it was categorized in accordance with the requirements of the federal grant, that the position is contracted (meaning the person is not a direct employee of the school), requiring a different pay structure. North Carolina public schools pay on a monthly basis. The school pays on a semi-monthly basis.

11. The school categorized the position as a paraprofessional/teaching assistant/aide at the yearly salary of $25,000.00.

4

12. While Reaves was aware of the salary and the job title, she did inform the school during the interview process that she had worked on the similar international grant before, and she was recommended by the Principal of Dent Middle School for hire.

13. All during the onboarding process, the school led Reaves to believe that she was being hired as a paraprofessional of which the board in the board policy categorizes as an hourly position. Not only that, at no time did the school or any of its employees inform Reaves of the hybrid salary structure compensation breakdown created by the school, on information and belief, to comply with the federal requirements of the grant.

14. When Reaves received access to the employee portal and viewed her record in the system, she saw an entry marked 'Do Not Pay'.

15. Upon further review, Reaves contacted McCarter, who is the payroll specialists for aides/paraprofessionals/assistants to inquire as to why she was flagged as 'Do Not Pay' in the system; at which time McCarter explained to Reaves that she [McCarter] made the notation on Reaves' record so that no pay would be generated for her on October 15, 2024.

16. Upon further perusal and review of the salary compensation breakdown, Reaves noticed a base rate being implied and not the hourly rate as stated in the board policy for paraprofessionals as well as the classification of jobs by

the school, i.e. certified, classified (paraprofessionals). Certified personnel are paid under a state contract; classified (paraprofessionals) are paid on an hourly structure.

17. On October 31, 2024, Reaves received a payment in the amount of $843.67, which was noted for a pay period of 9/16/24 to 9/26/24, which is fraudulent, because Reaves was not employed with the school district under October 8, 2024. Upon further calculation, Reaves noticed that she was paid less than the hourly rate specified to her by Human Resources for the paraprofessional position.

18. Reaves, upon speaking with McCarter, the payroll specialist for the school, was told to ignore the pay dates, as there was also no time allocated on the payment details as well. Reaves has provided a copy of the document for perusal and review (Exhibit A and B).

19. Reaves was then advised that the compensation was not paid hourly, as she was quote 'salaried' as a paraprofessional in the system and her pay was prorated to the number of days that were left in the school year, which was not what she was told during the orientation conducted by the school employee Tonya Jones, Cassandra Womack, or any school district employee.

20. Reaves was further advised after the fact, that the forthcoming prorated amounts would be less than $843.67 as the allocated funds did not include any benefits that Reaves had selected.

21. Reaves was further advised that out of the prorated salary amount, that the 9% mandatory 401k to the SC Retirement was deducted, although she was contracted with the school.

22. Based on the above, the defendants falsified information during the negotiation process for employment, falsified information on the pay structure to include a pay period that started before she was hired, which constitutes fraud, which purposely failed to reflect the hourly pay of a paraprofessional, which would have been higher than the prorated amount, failing to tell her this information beforehand, giving her an opportunity to decide if she wanted to accept 843.67 on a semi monthly basis for the rest of the school year.

23. Reaves stated the defendants used trickery, presenting the position to her under the guise that they were in compliance with federal grant governing employment practices, with evidence showing misappropriation of federal grant money in an attempt to deceive the US Department of Education into thinking they were in compliance with federal law.

24. Reaves states the defendants failed to exercise a duty of care to fully explain all the caveats and exceptions they were making to comply with the requirements of the federal grant, of which the defendants purposely put fake data reflecting an allocation of federal money to her before she was actually hired for the position, making it look as though she is in conspiracy with their fraudulent acts and conduct.

25. Reaves further states that the deliberate act of the defendants to attempt to defraud the US Department of Education by placing a fake pay period date on a payroll check of 9/16/24 (Plaintiff's daughter's birthday is 9/16) - 9/29/24 and then paying her a month later, raises speculation as to why, if the school is on a semi monthly pay period, that Reaves would have been owed compensation from two pay periods - the 15th and the 31st.

26. Reaves was extremely inconvenienced by this deliberate act by the defendants to misappropriate funds and falsify information to the US Department of Education regarding federal funding used by their district, causing severe economic hardship and emotional distress, frustration.

27. For reasons stated above, Reaves was injured and entitled to relief.

28. At all times during the events described above, the defendants were engaged in a joint venture and formed an agreement to violate plaintiff's due process

rights. They failed to intervene in the obviously illegal actions of their fellow co-workers against Reaves.

29. During all the events above described, defendants acted maliciously and with intent to injure Reaves.

## DAMAGES

30. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of her rights to Due Process under the Fourteenth Amendment to the United States Constitution;
    b. Violation of her due process rights secured under the South Carolina State Constitution;
    c. Emotional trauma and suffering, including extreme inconvenience, emotional distress, severe economic hardship and;
    d. Loss of liberty.

## FIRST CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED - 42 USC § 1983 AGAINST DEFENDANTS FOSTER, MOORE, ALFORD, TABOR, MCCARTER

31. Plaintiff pleads the first cause of action for which relief can be granted against the persons acting under the color of state law serving as agents for the school as named above.

32. Defendants have deprived plaintiff of her civil, constitutional, and statutory rights under 42 USC § 1983.

33. Defendants' conduct as described above deprived plaintiff of her right to due process under the US Constitution to decide if she wanted to participate in

the wrongful acts of fraud and misappropriation of federal funds as described in the manner above.

34. Plaintiff was forced to participate in the unlawful acts of the defendants when they falsified the pay dates in the manner described above, in an attempt to meet the federal requirements to continue to receive the federal funding from the grant, failing to inform Reaves in advance of the caveats defendants put in place to deceive the federal government.

35. Plaintiff has been damaged as a result of the defendants' wrongful acts.

## SECOND CAUSE OF ACTION OF WHICH RELIEF CAN BE GRANTED - IIED - ALL DEFENDANTS

36. Plaintiff pleads the second cause of action for which relief can be granted is intentional infliction of emotional distress by all defendants because not only did they act maliciously and intentionally to deceive her but also acted deliberately to deceive the US Department of Education by labeling in the payroll system a paraprofessional employee as quote "salaried", paying her based on the number of hours left in the school year since she did not start until October 2024, and not the hourly rate which is higher. Not only that, defendants purposely falsified the pay period to comply with the requirements for the federal grant, requiring the school district to recognize employees under the federal grant as contracted because Reaves is not an

employee of the school district, failing to notify the actual place of employment (Dent Middle School) that Reaves is not technically a quote 'paraprofessional' hourly employee because she is a salaried employee.

37. Plaintiff further states all the hours that she worked on a 7.5/day basis, 37.5 hours per week she was not paid for, because the defendants orchestrated this payroll scheme/algorithm of categorizing the CARES ACT grant position as a salaried/paraprofessional/teaching assistant/aide position, finessing the terms and paying at the salaried rate which is lower than the hourly paraprofessional, yet electing not to inform Reaves until after she had already committed to take the position with the school as an hourly paraprofessional.

38. Plaintiff further states if McCarter in payroll was able to explain in detail the algorithm that was used to calculate the federal money in the manner upon which she did in October, 2024, she knew about the algorithm ahead of time and failed to provide this stipulation to Plaintiff during the orientation or any other such time before Reaves was actually awarded a paycheck in the amount of a school stipend or a high school kid pay at McDonalds.

39. Plaintiff states she has a purpose for working, earning a designated amount to offset the expenses generated for working and feels she has been robbed by these defendants in their guise to look believable and honest, knowing all

along that their intent was to keep or pocket as much of the federal money as they could for the use of the school district, giving Plaintiff the bottom of the barrel compensation, which is less than the hourly, which, in accordance to the US Department of Education and the board policy, is how a paraprofessional is paid.

40. Not only that, but defendants deceived Plaintiff into thinking that the position was allocated at $25k/year, which is not what she is being paid. Plaintiff states defendants violated federal law when they advertised the position at $25k/year prorating the salary based on their own algorithm of which Plaintiff is challenging the constitutionality of the defendants decision to do so. Plaintiff further states the position should pay $25k/year whether a person starts at the beginning of the year, the middle of the year or two months before the school year is over. On a 10 month scale if the position pays $25k, the plaintiff should be paid legally $2500.00/month which is what is allocated for the position according to the defendants. Defendants lack jurisdiction to legally adjust a yearly salary without having something in writing from the Plaintiff and/or getting her consent to reduce the salary in the manner of which the defendants did as described above.

41. Not only that, if defendants as shown on the exhibits reduced the salary to $19k/year as shown on the exhibits, that would still equate to $1900/month

in a 10 month school year for a salaried position. The algorithms of the defendants based on the yearly salary are unconstitutional and a person should be informed and given their consent to participate in changing the yearly salary in the middle of the school year and agreeing to go along with the prorated compensation that is described above and in the exhibits issued to the plaintiff in the form of pay for her duties under the federal grant (CARES ACT).

42. This is an even greater inconvenience because here it is around the holidays and Plaintiff is forced to find other means to support herself and her family during the holiday season as a result of the conduct of the defendants.

43. Plaintiff states she had other job offers that she could have accepted, however, she was led to believe that she would be making $25,000/year during a school year which consist of 10 months in the paraprofessional role which is paid hourly, and not prorated on a salaried scale, with the salary being reduced in the middle of the school year without her knowledge or consent.

44. Plaintiff states based on this trickery and conversation of how her pay is calculated by McCarter, there clearly was not a meeting of the minds between the district and her because the district left out several details of which Plaintiff feels violates federal law, including their decision to

purposely falsify the pay dates on her check stub to dates before she started, making it difficult for her to explain to any financial institutional and/or qualify for benefits when they see that she started on October 8 2024 and her pay started September 2024 - straight fraud.

45. For reasons stated above, the plaintiff is entitled to relief under this statute.

## THIRD CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED - VIOLATION OF DUE PROCESS - ALL DEFENDANTS

46. Plaintiff pleads the third cause of action for which relief can be granted against all defendants as Due Process of her rights secured under the Fourteenth Amendment to the US Constitution in that defendants purposely falsified information on her pay check without her knowledge or consent and also falsified the salary compensation without her knowledge or consent or the purpose of meeting the requirements for the federal grant of which they hired her under. For example, the yearly rate of the position as a paraprofessional is $25,000/year over a 10 month period, as the defendants according to their algorithm is paying her on a salary and not hourly. Instead of informing her that they were adjusting the salary to $19k during the orientation process or interview process and/or onboarding process, they told her after she inquired about the huge discrepancy between what she was initially told and what the district advertised under the position compared to

what she received. Not only that, but Plaintiff states had she been told she would be receiving $19k per year instead of the $25k/year she would have never taken the position. She never agreed to work for $19k for any school district whether grant funded position or direct hire.

47. Not only that, but Plaintiff never agreed to falsify to commit fraud by agreeing to use false data in a payroll system to deceive the federal government or anyone else, and finds it quite disturbing that the defendants involved her into their debacle of creating a hybrid salaried/contract/paraprofessional/teaching assistant/aide position which is in violation of board policy for job classifications for the district. Certified personnel and classified personnel are the two job categories outlined in the board policy for the school.

48. Not only that, Plaintiff and defendant failed to have a meeting of the minds pertaining to the salary breakdown, failing to give her an opportunity to opt out of their decision to change the yearly salary allocated and reported to the US Department of Education from $25k/year to $19k per year.

49. Because of the violation of Plaintiff's rights to due process be defendants, she lost out of other opportunities that were paying true to their salary and not the measly pennies and crumbs that the defendants are attempting to pay

her with their algorithm that they fabricated with fake data as show in Exhibit A and B.

50. For reasons stated above, the plaintiff was injured and entitled to relief under this statute.

## FOURTH CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED - FRAUD (MISAPPROPRIATION OF FEDERAL FUNDING)- ALL DEFENDANTS

51. Plaintiff pleads the fourth cause of action for which relief can be granted against defendants is fraud in the manner described above and also displayed in Exhibits A and B.

52. For reasons stated above, the plaintiff was injured and is entitled to relief under this statute.

## FIFTH CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED - NEGLIGENT/SUPERVISORY - DEFENDANTS MOORE, FRANKLIN AND ALFORD, TABOR, BOE

53. Plaintiff pleads the fifth cause of action for which relief can be granted against defendants described above as negligence and shows the following:

   a. Defendant Moore serves in the capacity as the Superintendent and retired veteran officer (military) and knew or should have known this type of conduct of falsifying information on federal grants is unethical and in violation of federal law. Moore knew or should have known that someone in the capacity and role of Plaintiff would suffer an

injury in the manner described above. She failed to intervene in the obvious illegal acts of her school district.

b. Defendants Alford and Franklin serve in the capacity of Human Resources Director and Operations and is responsible for the conduct of Mandy McCarter and knew or should have known about the trickery and misappropriation of funds by Mandy McCarter as the position is advertised as $25k/year not $19k/year. After learning of their employees' violation of plaintiff's constitutional rights, they failed to intervene.

c. Tabor in her role as Payroll Manager failed to exercise a duty of care to ensure that all information printed on payroll checks for federal contracts was true and accurate and failed to exercise a duty of care to the plaintiff in that a reasonable person would have suffered any injury in the manner of the plaintiff.

d. Defendants BOE is liable for damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that after learning of their employee's violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or customs under which unconstitutional practices occurred and allowed such policies or cutsomes to continue, and they have been gross negligent in managing subordinates who caused the unlawful condition or event.

54. Defendants owed a duty of care to prevent the loss of liberty, trickery, fraud, and misappropriation of federal funding outlined in Exhibit A and B and described above by plaintiff.

55. Defendant BOE, the governing body of the defendants and School District, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to plaintiff as a result of this conduct.

56. For reasons stated above, the plaintiff was injured.

## SIXTH CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED - NEGLIGENT HIRING AND RETENTION - BOE, RCSD2

57. Defendant RCSD2, through BOE, owed a duty of care to plaintiff to prevent the loss of liberty, extreme economic loss and mental abuse sustained by plaintiff when she saw the miniscule amount that was allocated in the form of a salary and also unexpected economic loss and drastic adjustment of the yearly compensation from $25k/ to $19k/ without notice.

58. Defendants described above owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a similar position to plaintiff's as a result of this conduct.

59. Upon information and belief, defendants Tabor, McCarter, Moore, Foster, and Alford were incompetent and unfit for their positions.

60. For reasons stated above, the plaintiff was injured and entitled to relief under this statute.

## SEVENTH CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED - INTERFERENCE WITH EMPLOYMENT/CONTRACTUAL AGREEMENT - DEFENDANTS RCSD2, BOE

61. Plaintiff plead the seventh cause of action for which relief can be granted against the defendants named above in that the interference with employment contractual agreement as she never agreed to falsify information as described on the Exhibits A and B and also did not agree to a prorated compensation of $19k, agreed to hourly compensation of which is she not receiving and did not agree to prorated/adjustment of salary after receiving her compensation and then explained by McCarter after Reaves questioned her about the miniscule amount of pay she received.

62. Not only that, defendants named above by and through their employees failed to mention any of these caveats and algorithms, trickery and deception used to manipulate the federal grant money allocated for the position plaintiff was in.

63. There was never a meeting of the minds and for such a cause, the plaintiff was injured.

### ADR/MEDIATION/RULE 26f

64. Plaintiff will mediate.

### OPPORTUNITY TO AMEND

65. Plaintiffs would like the opportunity to amend these claims to coincide with the merits of the case.

## TRIAL BY JURY

66. Plaintiff requesting trial by jury of these proceedings.

**WHEREFORE**, Plaintiff prays for relief as follows:
  A. That this complaint be ADOPTED by this Court;
  B. The cost of this action be taxed against the defendants.
  C. That a trial by jury be granted;
  D. That Plaintiff be awarded monetary judgment both jointly and severally for each cause of action against defendants;
  E. Any further relief deemed just and proper by this Court.

**THIS** the 5th day of November, 2024.

Kathy Reaves
Post Office Box 8806
Columbia, SC 29202-8806